### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE
### CIVIL ACTION NO. 3:05CV-P448-S

**JA-RON TEAGUE**                                                                               **PETITIONER**

**v.**

**COMMONWEALTH OF KENTUCKY,** *et al.*                                       **RESPONDENTS**

### MEMORANDUM OPINION

The petitioner, Ja-Ron Teague, filed a document entitled "notice of removal of civil action writ of mandamus to U.S. District Court for the Western District of Kentucky, at Louisville" pursuant to 28 U.S.C. § 1446 along with a "petition for federal writ of mandamus pursuant to 28 U.S.C. § 1651 and 18 U.S.C. § 241 & 242" (DN 1). Because the petitioner is an inmate seeking relief from governmental entities and officials, his case is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the court will dismiss the action.

### I.  SUMMARY OF CLAIMS

The petitioner, Ja-Ron Teague, an inmate confined at the Luther Luckett Correctional Complex, names the following entities or persons as defendants in this action: Commonwealth of Kentucky, Metro Government, West Buechel City Government, and Jefferson County Attorney Irv Maze. The petitioner's claims are connected with a long-standing dispute he has had vis-à-vis his arrest and subsequent incarceration in 1998 for escape while on work release.

In 1997, the petitioner was sentenced to 365 days of incarceration for theft by unlawful taking. While the state court ordered that he not be released for any reason, he was nevertheless directed to participate in the work release program. When the petitioner failed to return from work, he was charged with escape in the second degree and subsequently charged with being a

persistent felony offender.  Upon his plea of guilty, he was given a 10-year term of imprisonment.

Now the petitioner is trying to hold various officials criminally accountable for releasing him to work notwithstanding the state court order to the contrary.  He has filed no less than 16 criminal complaints with Jefferson County Attorney Irv Maze.  In some of those complaints, he charges officials with criminal contempt for violating the no-release order, for tampering with public records and evidence, for obstructing government operations and justice, for facilitating his subsequent arrest for escape, for malfeasance or dereliction of duties, and/or for conspiring to cover up their perceived wrong-doings.  In others, he charges state officials with among other things failing to investigate, covering up their subordinates' wrong-doings, and failing to uphold their "sworn oath of offices" (DN 1, Pet., p. 5).  When the County Attorney declined to pursue these criminal complaints by prosecuting persons named therein, the petitioner brought his plaint here.

The petitioner alleges that Irv Maze's inaction demonstrates the petitioner's conflict of interest with the Commonwealth, that Maze's inaction violates his rights to due process and equal protection of the laws, and that this court must and can intervene on his behalf pursuant to 28 U.S.C. § 1651.  He wants this court "to remov[e] his criminal complaints against all the officials from the jurisdiction of the Commonwealth of Kentucky."  (DN 1, Pet., p. 10).  Citing 28 U.S.C. §§ 2348 and 2403, he wants this court to enter an order directing the U.S. Attorney to represent him.  Though unclear, it appears that he also wants this court to direct state courts to rule on various actions pending, reopen his 1998 convictions for escape and being a persistent felony offender, and grant him the relief that he has sought elsewhere in state court.  Finally, he

wants all of his state court criminal and civil cases (both open and closed) transferred here for review.[1]

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal

---

[1] Currently pending in the state trial court is a petition for habeas corpus relief that the petitioner filed vis-à-vis his 1998 convictions and sentence.  The petitioner has a second habeas petition pending before the Kentucky Court of Appeals.  *See* DN 1, Pet., p. 6.

conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## III.  ANALYSIS

Before undertaking the required analysis of the petitioner's case, the court must first unravel the alleged bases of its subject matter jurisdiction as identified by him.  In initiating this matter, the petitioner first filed a notice of removal pursuant to 28 U.S.C. § 1446, a document that serves as a cover of sorts to his actual petition (DN 1, Notice, p. 1).  On the civil cover sheet he filed along with the notice and petition, he indicated that this court possesses federal question jurisdiction over his civil rights claims and requests for mandamus relief.  *Id.* at 2.  And in the actual substantive petition, he claims the court has jurisdiction pursuant to its authority to grant mandamus relief pursuant to 28 U.S.C. § 1651 and 18 U.S.C. §§ 241 & 242 (DN 1, Pet., pp. 1-2).  Elsewhere he asserts additional statutory bases for jurisdiction.  The court will separately discuss the petitioner's alleged bases for subject matter jurisdiction over his action and any claims related thereto.

### A.  Removal Jurisdiction

The right to remove a case from state court to federal court is purely statutory and is not rooted in the U.S. Constitution.  14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure* § 3721 (3d ed. 1998).  The petitioner initiated this action claiming that he was removing a civil case to this court under 28 U.S.C. § 1446.  Elsewhere he

4

seeks to "remove his criminal complaints," *see* DN 1, Pet., p. 10, and "transfer" civil and criminal case (both open and closed) to this court. *Id.* at 12.

Section 1446 sets forth the *procedure* for removing civil and criminal cases to the federal district court. Civil cases are generally removed by the *defendants*, and the defendants may only remove civil cases over which this court has subject matter jurisdiction. *See generally*, §§ 1441-1446. The petitioner is not a defendant in a state civil case over which this court has subject matter jurisdiction.

Under § 1446(c), criminal prosecutions may be removed "not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier . . . ." To the extent that the petitioner seeks removal/transfer of previously adjudicated criminal cases, such cases are not removable under this section. Finally, there is no statutory authority for "removing" private criminal complaints that he himself has filed with the local prosecuting attorney.

**B. Jurisdiction pursuant to 28 U.S.C. § 1651**

The petitioner claims that the court has jurisdiction to hear his mandamus requests and that this court must intervene pursuant to 28 U.S.C. § 1651. He also seeks mandamus relief in the form of an order directing the state court tribunals to rule on his many cases and to grant him specific relief.

Section 1651(a) (the "All Writs Act") provides, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." As the plain language of the statute demonstrates, it does not confer an independent basis of jurisdiction; it

5

merely provides a tool courts need in cases over which jurisdiction is conferred by some other source.  *See United States v. New York Tel. Co.*, 434 U.S. 159, 172, (noting that the All Writs Act provides authority for issuance of orders needed to "prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained"); *Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998) ("It is well established that the [All Writs Act] does not expand a court's jurisdiction.").   Thus, to the extent that the petitioner relies on this statute to confer jurisdiction, his attempt fails.  As for his request that this court direct state court judges to rule on particular cases, federal courts have no authority to issue a writ of mandamus directing a state court or its judicial officers in the performance of their duties.  *See White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998); *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970).

### C.  Jurisdiction under 18 U.S.C. §§ 241 and 242

As for the petitioner's attempt to confer jurisdiction on this court by way of 18 U.S.C. §§ 241 and 242, his attempt fails.  Section 241 criminalizes the conspiracy "to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States."  Section 242 criminalizes the deprivation of civil rights by a person acting under color of law.  Neither statute, however, confers subject matter jurisdiction on this court.  To the extent that the petitioner is attempting to initiate a criminal action himself, he has no authority to do so.  *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Merchant v. Patton,* No. 02-5259, 2002 WL 1792080, *1 (6th Cir.  Aug. 2, 2002) (holding that inmates lack the authority to initiate criminal prosecutions).

**D.  Jurisdiction pursuant to 28 U.S.C. §§ 1450, 2112, 2284(2) and (3), 2346, 2349 and 2403**

The petitioner also claims that since the County Attorney refuses to prosecute the criminal complaints, this court possesses jurisdiction pursuant to 28 U.S.C. §§ 1450, 2112, 2284(2) and (3), 2346, 2349 and 2403 (DN 1, Pet., pp. 10-11).  None of these statutes confer subject matter jurisdiction on this court.

Section 1450 provides that rulings by state courts prior to removal of an action to federal court "shall remain in full force and effect until dissolved or modified by the district court."  The statute was "designed to deal with the unique problem of a shift in jurisdiction in the middle of a case which arises whenever cases are removed from state to federal court."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 435 (1974).  The statute does not confer jurisdiction, which must be found elsewhere in federal law.  *See, e.g., Ex parte Fisk*, 113 U.S. 713, 718 (1885) (where the Supreme Court first determined that federal jurisdiction existed before addressing whether the circuit court, in a removal case, should have declined to execute a state court contempt order under section 4 of the Act of March 3, 1875, which provided that "orders of the state court, in a case afterwards removed, to be in force until dissolved or modified by the circuit court").

Section 2112 of Title 28, United States Code, discusses the composition of the record when a federal appellate court reviews a federal agency's decision.  As to the petitioner's references to 28 U.S.C. § 2284(2) and (3), no such subsections exist.  More importantly, however, the statute governs the requirement of a three-judge court when so required by an act of Congress or when certain situations, not present here, occur.  It does not confer subject matter jurisdiction on this court.

Section 2346 of Title 28, United States Code, governs the certification of the record for review of federal agency orders whereas § 2349 gives the federal courts of appeals jurisdiction to review final federal agency orders.  Finally, § 2403 governs intervention by the United States or a state where the constitutionality of either a federal or state law is drawn into question.

### E.  Federal Question jurisdiction

Though not specifically stated by the petitioner but in keeping with the court's duty to construe *pro se* pleadings liberally, it will consider whether it possesses federal question jurisdiction over any claim asserted by the petitioner.  In his petition, he makes vague references to officials' violating his constitutional rights to due process and equal protection of the law under the Fourteenth Amendment or depriving him of his right to file criminal complaints (DN 1, Pet., pp. 2 and 4).  Under 28 U.S.C. § 1331, the district court possesses subject matter jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States."  To the extent that the petitioner may be bringing a direct claim premised on the violation of the Fourteenth Amendment, his claim fails because 42 U.S.C. § 1983 "is the exclusive remedy for the alleged constitutional violations" by state actors.  *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) ("[I]n cases where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violations."), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989); *see also Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704 (9th Cir. 1992) ("[A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.").  To the extent that the petitioner is attempting to assert § 1983 causes of action, this court possesses the jurisdiction to entertain them.

To state such a § 1983 claim, the petitioner must allege that a "person" acting under color of state law deprived the petitioner of a right secured by the Constitution or federal law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). Here, the petitioner has named four defendants in this case: the Commonwealth of Kentucky, Metro Government (presumably Louisville Metro Government), West Buechel City Government, and County Attorney Irv Maze.

The claims against the Commonwealth must be dismissed because it is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58 (1989). Moreover, under the Eleventh Amendment to the United States Constitution, this court is deprived of jurisdiction over claims asserted directly against the Commonwealth. *Edelman v. Jordan*, 415 U.S. 651, 678 (1974).

As for the claims against Louisville Metro Government and West Buechel City Government, the claims fail because the petitioner failed to allege that a policy or custom was the moving force behind the alleged constitutional violation (assuming one occurred) he allegedly sustained. *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 691 (1978); *Deaton v. Montgomery County, Ohio,* 989 F.2d 885, 889 (6th Cir. 1993) ("In analyzing the specific language in § 1983, the court in *Monell* concluded that the language plainly imposes liability on a governmental entity that, under the color of some official policy, 'causes' an employee to violate another's constitutional rights."); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (holding that the policy or custom "must be 'the moving force of the constitutional violation.'" (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)).

Finally, with respect to the claims against Irv Maze, as the court previously stated in Section III A, a private citizen does not possess a constitutional right to prosecute criminal

complaints.  Moreover, the decision to prosecute rests within the sound discretion of the

prosecuting attorney to which great deference is shown.  *Wayte v. United States*, 470 U.S. 598,

607 (1985) (citations omitted) ("In our criminal justice system, the Government retains broad

discretion as to whom to prosecute.  So long as the prosecutor has probable cause to believe that

the accused committed an offense defined by statute, the decision whether or not to prosecute,

and what charge to file or bring before a grand jury, generally rests entirely in his discretion.

This broad discretion rests largely on the recognition that the decision to prosecute is particularly

ill-suited to judicial review."); *United States v. McCoy*, 802 F.Supp. 128 (W.D. Mich. 1992) ("It

is well established, however, that the decision whether to prosecute in state or federal court is

within prosecutorial discretion.").

## IV.  PENDING MOTIONS

The petitioner has filed numerous motions to amend and/or supplement (DNs 4, 7, 13,

16, 21, and 23).   In district courts governed by the United States Court of Appeals for the Sixth

Circuit, prisoners may not amend their original filing to save it from *sua sponte* dismissal.

*Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002) (holding that "courts have no discretion in

permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal").   Thus, none of the

petitioner's many motions were considered when undertaking this mandatory review.

10

## V.  CONCLUSION

Because the petitioner failed to state a claim upon which relief could be granted, by separate order the court will dismiss the case in its entirety.

Date:

cc:     Petitioner *pro se*
        Jefferson County Attorney
        4411.002

11